WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Thomas Grande, | No. CV-20-01922-PHX-JAT (CDB) |
| Plaintiff, | **ORDER** |
| v. | |
| Centurion Healthcare, | |
| Defendant. | |

On May 23, 2022, this Court referred this case to Magistrate Judge Boyle for a settlement conference. A settlement conference was set for August 9, 2022. Plaintiff failed to appear for the settlement conference. (Doc. 52). Plaintiff also failed to prepare any of the pre-settlement conference paperwork that was required by Judge Boyle. (*Id*.).

Separately, this Court issued an Order asking the parties for proposed trial dates in the event they were unable to settle. (Doc. 48). Plaintiff failed to respond to that Order. Additionally, in its unilateral filing, Defendant's counsel detailed the efforts made by the firm to contact Plaintiff, which were all unsuccessful. (Doc. 50).

Following what appears to be Plaintiff's abandonment of this case, this Court planned to issue an Order to Show Cause as to why this case should not be dismissed for failure to prosecute and failure to comply with Court orders pursuant to Federal Rule of Civil Procedure 41(b). However, the Court also learned today, when Judge Boyle's July 11, 2022 order was returned undeliverable, that the Court does not have a current address for Plaintiff. (Doc. 51). Additionally, Judge Boyle's staff attempted to telephone Plaintiff,

but the only number available to the Court is not in service. (Doc. 52). Thus, the Court finds no purpose in issuing a show cause order that will be returned undeliverable. *See Carey v. King,* 856 F.2d 1439, 1440–1441 (9th Cir. 1988) (finding the court was not required to issue a show cause order as to why a case should not be dismissed when the order "would only find itself taking a round trip tour through the United States mail.").

Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (a court may dismiss under Rule 41(b) for failure to prosecute or comply with rules of civil procedure or the court's orders).

However, dismissal for failure to prosecute is a "harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Before dismissing Plaintiff's case, the Court must weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." *Id.* (citing *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984); *Mir v. Fosburg*, 706 F.2d 916, 918 (9th Cir. 1983)). Additionally, "[a] dismissal for lack of prosecution must be supported by a showing of unreasonable delay," but the district court "is in the best position to determine what period of delay can be endured before its docket becomes unmanageable." *Henderson*, 779 F.2d at 1423.

Considering the foregoing factors, the Court finds dismissal is appropriate. Generally, the Court simply cannot go forward in a case that the plaintiff has abandoned. Specifically, the Court cannot expeditiously resolve the litigation, manage its docket, achieve a resolution of the case on its merits or impose a less drastic sanction when Plaintiff has completely quit participating in the case. Further, Defendant has already had to attend

a settlement conference that could not go forward and has had to make numerous overtures to Plaintiff to prepare settlement conference documents and pretrial documents, without any response from Plaintiff.  Thus, Defendant has already suffered some prejudice. Additionally, leaving the case pending indefinitely until Plaintiff, if ever, decides to prosecute would cause additional prejudice.  Thus, all five factors favor dismissal.

Accordingly,

**IT IS ORDERED** withdrawing the reference to Judge Bibles as to this entire case.

**IT IS FURTHER ORDERED** that this case is dismissed and the Clerk of the Court shall enter judgment in favor of Defendants and against Plaintiff, Plaintiff to take nothing, accordingly.

**IT IS FURTHER ORDERED** that in the event Plaintiff later moves to reconsider this Order or files a notice of appeal, within 7 days of any such filing, Defendant may supplement the record regarding this issue since Defendant has not briefed it.

Dated this 9th day of August, 2022.

James A. Teilborg
Senior United States District Judge